| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Jeffrey S Shinbrot<br>The Shinbrot Firm<br>15260 Ventura Boulevard<br>Suite 1200<br>Sherman Oaks, CA 91403<br><br>310–659–5444<br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In re:<br><br>Image Locations, Inc.<br><br><br>Debtor(s). | CASE NO.: 2:25–bk–18780–VZ<br><br>CHAPTER: 11<br><br>ADVERSARY NUMBER: 2:25–ap–01411–VZ |
| Image Locations, Inc.<br><br>Plaintiff(s)<br><br>Versus<br><br>QFS Capital LLC<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **01/15/2026.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **February 26, 2026** |
| **Time:** | **10:30 AM** |
| **Hearing Judge:** | **Vincent P. Zurzolo** |
| **Location:** | **255 E Temple St., Crtrm 1368, Los Angeles, CA 90012** |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: December 16, 2025

By: _____"s/" Tina R. Johnson_____

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

JEFFREY S. SHINBROT, ESQ. (SBN 155486)
jeffrey@shinbrotfirm.com
JEFFREY S. SHINBROT, APLC
15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA 91403
Telephone:  (310)  659-5444
Fax:  (310)  878-8304

Reorganization Counsel for
Debtor-In-Possession

**UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF
CALIFORNIA –LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case Number: 2:25-bk-18780-VZ |
| IMAGE LOCATIONS, INC. | Chapter 11 |
|       Chapter 11 Debtor and Debtor-In-Possession. | Adversary Case Number:  25-AP-01411-VZ |

**COMPLAINT FOR:**

1. **DECLARATORY RELIEF**
2. **AVOIDANCE OF PREFERENTIAL TRANSFERS**
3. **AVOIDANCE OF LIEN**
4. **AVOIDANCE OF FRAUDULENT TRANSFERS**
5. **USURY**

IMAGE LOCATIONS, INC.
Plaintiff,

v.

QFS CAPITAL, LLC

Defendant.

Plaintiff IMAGE LOCATIONS, INC. ("Debtor" or "Plaintiff"), the Chapter 11

debtor and debtor in possession herein, alleges as follows:

<u>JURISDICTION</u>

1.      This is a core proceeding under 28 U.S.C. § 157(b). Consent is hereby given

for the entry of final orders and judgments by the Bankruptcy Court.

2.      This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334(b) and 11

U.S.C. §§ 105 and 506 of the subject matter of Plaintiff's claims for relief in this

adversary proceeding. The claims for relief arise under Title 11 of the United States Code

and are related to Plaintiff's Chapter 11 case pending under Title 11 in the United States

Bankruptcy Court for the Central District of California.

3.      Pursuant to 28 U.S.C. § 1409, venue is proper in the Central District of

California because Plaintiff's Chapter 11 Bankruptcy case is pending in this district and

division. The solicitation and execution of the loan agreement at issue herein took place in

California.

<u>PARTIES</u>

4.      Plaintiff Image Locations, Inc., is a California corporation operating as

debtor-in-possession under the United States Bankruptcy Code ("Code") with certain

powers of a trustee as specified in the Code.

5.      Plaintiff is informed and believes that Defendant QFS Capital ("Defendant")

is a Delaware limited liability company doing business throughout the United States,

including throughout the State of California.

6.      On October 2, 2025 ("Petition Date"), Plaintiff commenced its

reorganization by filing a voluntary petition for relief under chapter 11 of title 11 of the

Code.

7.      Plaintiff is continuing in possession of its assets and is operating and

managing its business as debtor in possession pursuant to §§ 1107 and 1108 of the Code.

8.      Plaintiff owns and manages properties available for use for film, television,

and print productions.  Plaintiff's business had consistent growth, but suffered, first, from

the complete shutdown of filming during the COVID 19 pandemic.  Thereafter, Plaintiff's

business suffered from two historic entertainment industry strikes by writers and actors.  In

January 2025, the wildfires in Los Angeles County caused the cancellation of 28 projects.

As a result of these disruptions, Plaintiff borrowed money from four Merchant Cash

Advance ("MCA") lenders, including Defendant.

FACTUAL ALLEGATIONS

9.    The Merchant Agreement for Purchase and Sale of Future Receipts

("Agreement") between Plaintiff and Defendant is labeled as a purchase of accounts

receivable.

10.    There are several key features of the Agreement that qualify it as a loan

under New York (choice of law state) and California law.  The Agreement has no

meaningful reconciliation procedure that would indicate a receivables purchase agreement

since Defendant has no obligation to return excess accounts receivable paid to it.  The

Agreement requires repayment within a fixed term defined by the number of payments

and the purchase price.  The Agreement increases the payment amount upon the event of

default and is personally guaranteed, hallmarks of a loan, not purchase agreement.  The

Agreement purports to sell Plaintiff's income, not a particular account receivable.

11.    The Agreement is a 'contract of adhesion' and Plaintiff did not have any

opportunity to effectively negotiate regarding the terms of the loan agreement.

12.    As a loan, the Agreement charges usurious interests and is contrary to

important public policy of the State of California.  Furthermore, the issues regarding the

alleged loan documents and related matter are similarly addressed under the law of the

State of California and New York, the choice of law in the Agreement, and the ultimate

ruling of the court should not be significantly affected by any choice of law issues.

13.    When Plaintiff began to experience financial troubles, Plaintiff received

numerous solicitations from lenders and loan brokers for high interest, short term loans,

including other MCA lenders.  Plaintiff ultimately took out high interest business

financing lines of credit from four lenders, including from Defendant.

14. The June 2025 Agreement between Plaintiff and Defendant provided a line of credit of $606,158.96 at a repayment price of $925,189.96 in 47 weekly payments of $20,018.98 equating to an interest rate of 65.5% for a loan term of less than one year. The "loan" was disguised in the form of a purchase of 9% of Plaintiff's "receipts," with "receipts" defined as any income in any form received by Plaintiff. The APR was over 65.5%.

15. Defendant failed to make any disclosure to inform Plaintiff that Defendant was not licensed to make loans in the State of California.

16. Defendant informed Plaintiff that the payments could be made from Plaintiff's cash flow without interfering with Plaintiff's ability to do business.

17. Defendant failed to state the actual interest rate on the loan and failed to make federal and state mandated disclosures regarding the loans.

18. Defendant provided the loan amount, the days of repayment, and the payment amount but did not disclose the interest rate or fees.

19. Plaintiff relied on Defendant's representations.

20. Although the Agreement asserts that the transaction involved the purchase of "receipts" or "proceeds," the transaction, when viewed in its totality, is a loan transaction.

21. At all relevant times, Plaintiff considered the transaction to be a short-term business loan. At no point, did Plaintiff ever seek to sell an interest in its accounts receivable, receipts, or proceeds.

22. Although, the transactions were proposed by Defendant as a loan, the documentation is titled as an alleged "sale" of a portion of a company's future "receipts."

23. The following facts show that the transaction was a loan, not a receivables sale:

a. Although the Agreement bears a surface resemblance to a factoring agreement where specific accounts receivable are sold to a factor, there was no transfer of title to any alleged "receipts" and Plaintiff continued to bill customers

directly.

b.      Although the payments are explained in the documentation as allegedly tied to the amount of the proceeds of the accounts receivable that are collected on a weekly basis, the payments are made on a weekly basis in the same amount regardless of the "receipts" or "proceeds" for that week.

c.      Defendant did not assume any of the ordinary risks of loss that come with ownership of the future accounts receivable.

d.      The loan includes an alleged guaranty that is inconsistent with the contention that the transaction was a purchase and sale of any alleged future "receipts" and makes the transaction function exactly as a full recourse loan transaction.

e.      The loan documents made the payment of the weekly specified amounts as an unconditional requirement regardless of whether Plaintiff had recovered receivables sufficient to cover that amount, and the Agreement has no meaningful reconciliation procedure (which would indicate a receivables) because Defendant has no obligation to return excess accounts receivable paid to it. Instead, Defendant is only required to reduce future remittances/loan payments if it collects an excess of the amount "sold."

f.      The Agreement, consistent with a loan, requires repayment within a fixed term defined by the number of payments and the purchase price.

g.      The default provision in the loan documents makes non-payment a default which is inconsistent with an alleged sale of "receipts."

h.      The loan documents do not attempt to separate the alleged portion of the borrower's "receipts" or "proceeds" that supposedly belongs to Defendant and there is no separate bank account for the alleged "receipts" belonging to Defendant.

i.      The Loans are usurious under California and New York law and the high costs of the loan caused the balance transferred to Plaintiff to be less than the amount promised.

j.  The Agreement does not assume any of the ordinary risks of loss that comes with the ownership of "account receivable proceeds" as would, for example, occur in a typical "factoring" arrangement. The "risk of loss," i.e., nonpayment of the future accounts receivable, remains with the Plaintiff.

k.  The loan documentation is perfected with a UCC-1 financing statement that grants Defendant a security agreement not just in the specific purchased accounts receivable but "All accounts, accounts receivables, and deposit accounts now existing or hereafter acquired or arising, together with all accessions and proceeds related thereto."

l.  The remedies provision in the Agreement references UCC Article 9 which applies to secured transactions, not commercial sales, and it allows Defendant to collect against a guarantor for non-payment, both of which do not make sense regarding an alleged sale transaction since the MCA lender supposedly owns the asset.

m.  The business and accounting records of both Plaintiff and Defendant treated the transaction as a loan under the standards of the Financial Accounting Standards Board.

24.  Defendant does not qualify as a finance lender in California.

25.  The loan documentation and funding were provided with no opportunity for review or negotiation — i.e. are contracts of adhesion signed with DocuSign, which intentionally discouraged Plaintiff from reviewing them.

26.  Plaintiff and its owner were not represented by counsel at the time the loan documents were executed. They did not understand the documents at the time they were sent to them.

27.  Onerous costs, fees and alleged penalties were included in the Agreement.

28.  Defendant actually advanced the sum of $348,156 to Plaintiff within the past 120 days.  Defendant was paid back $260,246 by Plaintiff, but claims to be owed an additional $291,418.60, an approximate interest rate of over 63%, **in 4 months**.

29.     Until the chapter 11 case was filed on October 2, 2025, Defendant was attempting to collect its alleged debt by enforcing its purported security interests or ownership against Plaintiff's accounts receivable by contacting its clients directly and disrupting Plaintiff's business.

30.     Plaintiff has maintained its cash flow and employees and has filed its chapter 11 case to reorganize its business affairs.

31.     Defendant does not have an allowed claim, nor perfected security interest and is, at most, unsecured or under-secured because of senior liens and subject to equitable subordination.

<u>FIRST CLAIM FOR RELIEF</u>

(Declaratory Relief re Nature of Transaction, Validity, Priority,

Amount, and Extent of Liens against Defendant)

32.     Plaintiff hereby incorporates by reference paragraphs 1 through 31, inclusive, as if fully set forth herein.

33.     Plaintiff contends that the transaction between Plaintiff and Defendant is a loan and that the loan is usurious under both California and New York law.

34.     Plaintiff further contends that it did not "sell" any assets to Defendant, and that it merely borrowed money from Defendant.

35.     Plaintiff's business has a value of approximately $600,000 subject to a senior secured lien of the Small Business Administration ("SBA") in the sum of over $1.9 million.

36.     Defendant's UCC-1 is junior in priority to the SBA, and Defendant is therefore unsecured.

37.     Plaintiff is informed and believes that Defendant disputes Plaintiff's contentions set forth above and Plaintiff desires a judicial determination of its rights and duties and a declaration as to the nature of the transaction, and the parties' rights and duties thereunder.

38.     A judicial declaration is necessary to determine the rights and duties of the

parties relating to the loan as follows:

        a.    The Agreement is a loan.

        b.    The Agreement is a loan to which California and New York usury laws are applicable.

        c.    Defendant knowingly charged a usurious rate of interest on the loan under California and New York law.

        d.    Defendant does not own and has not acquired any alleged "receipts" and/or or any other property from Plaintiff.

        e.    Defendant has no claim against the Debtor's bankruptcy estate.

<u>SECOND CLAIM FOR RELIEF</u>

(Avoidance of Preferential Transfers against Defendant)

(11 U.S.C. § 547)

39.    Plaintiff hereby incorporates by reference paragraphs 1 through 38, inclusive, as if fully set forth herein.

40.    Defendant received transfers in an amount of at least $291,418.60 within 90 days of the date of the filing of Plaintiff's bankruptcy case of Plaintiff's assets for or on account of antecedent debt claimed to be owed to Defendant.

41.    Plaintiff is informed and believes and thereupon allege that Defendant improved its position vis-a-vis Plaintiff's other creditors in an amount of at least $291,418.60 within 90 days of the filing date.

42.    Such transfers were made at a time when Plaintiff was insolvent and the transfers rendered Plaintiff insolvent.

43.    As a result of such transfers, Defendant received more than it would have received if (a) Debtor's case was a case under Chapter 7 of the Code; (b) the transfers had not been made; and (c) Defendant received payment of such debt to the extent provided by the Code.

44.    The preferential transfers in the sum of $291,418.60 to Defendant should be avoided pursuant to § 547 of the Bankruptcy Code.

45.     To the extent that Defendant has an allowed claim against Plaintiff's estate, any amount that would be paid to Defendant, should be offset by $291,418.60 due from Defendant to Plaintiff for preference payments.

THIRD CLAIM FOR RELIEF

(Avoidance of Lien; 11 U.S.C. § 506)

46.     Plaintiff hereby incorporates by reference paragraphs 1 through 45, inclusive, as if fully set forth herein.

47.     Defendant claims that its loan to Plaintiff is secured by an UCC-1 financing statement that allegedly grants an interest not just in accounts receivable but "All accounts, accounts receivables, and deposit accounts now existing or hereafter acquired or arising, together with all accessions and proceeds related thereto."

48.     To the extent that Defendant's UCC-1 is valid, it is unsecured.  Plaintiff has a value of $600,000, which is encumbered by lien in the sum of at least $1.9 million in favor of the SBA.

49.     Defendant's lien should be avoided in its entirety pursuant to 11 U.S.C. § 506.

FOURTH CLAIM FOR RELIEF

(Avoidance of Fraudulent Transfer against Defendant)

(11 U.S.C. §§ 544 and 548)

50.     Plaintiffs hereby incorporate by reference paragraphs 1 through 49, inclusive, as if fully set forth herein.

51.     Plaintiff did not transfer any accounts receivable to Defendant by way of the Agreement.  The Agreement was a loan mistitled as a receivable sale.

52.     Defendant did not provide adequate consideration for the alleged purchase of the accounts receivable, and the transfers were constructively fraudulent.

53.     The alleged transfer of the accounts receivable occurred within the two years preceding the Petition Date and is avoidable under 11 U.S.C. §§ 544 and 548 as a fraudulent transfer.

FIFTH CLAIM FOR RELIEF

(Usury against Defendant)

54.    Plaintiff hereby incorporates by reference paragraphs 1 through 53, inclusive, as if fully set forth herein.

55.    Defendant's loan set forth a collateralized loan transaction to which California and/or New York usury laws are applicable.

56.    The loan charges a usurious interest rate of at least 65% for less than one year, which is over the maximum rate of 10% allowed under applicable California law and over the maximum rate of 16% allowed under applicable New York law.  The interest is over the criminally usurious rate of 25% under New York law.

57.    Defendant is not entitled to any exceptions under usury law.

58.    The loan is usurious per se.

59.    Plaintiff seeks an order from this Court declaring that Defendant's loan is usurious, that Defendant is not entitled to any interest on the usurious loan, and that Plaintiff is entitled to a reduction of the principal in an amount equal to three times the interest paid on the loan (treble damages).

SIXTH CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For a judicial declaration that:

    a.  The Agreement is a loan.

    b.  The Agreement is a loan to which California and New York usury laws are applicable.

    c.  Defendant knowingly charged a usurious rate of interest on the loan under California and New York law.

    d.  Defendant does not own and has not acquired any alleged "receipts" and/or or any other property from Plaintiff.

    e.  Defendant's loan is wholly unsecured.

2. For judgment avoiding preferential transfers from Plaintiff to Defendant in the sum

9

of $291,418.60 pursuant to § 547 of the Bankruptcy Code.

3.  For a judgment ordering that, to the extent that Defendant has an allowed claim against Plaintiff's estate, any amount that would be paid to Defendant, should be offset by $291,418.60 due from Defendant to Plaintiff for preference payments.

4.  For a judgment avoiding Defendant's lien pursuant to 11 U.S.C. § 506.

5.  For a judgment that the alleged transfer of the accounts receivable is avoided under 11 U.S.C. §§ 544 and 548 as a fraudulent transfer.

6.  For a judgment declaring that Defendant's loan is usurious, that Defendant is not entitled to any interest on the usurious loan, that Plaintiff is entitled to treble damages, and that any alleged principal owed to Defendant is reduced in the amount of the treble damages.

7.      For costs of suit.

8.      For prejudgment interest.

9.      For such other relief as the Court determines is just and proper.


Dated: December 15, 2025                    JEFFREY S. SHINBROT, APLC



                                            By:/s/Jeffrey S. Shinbrot
                                            JEFFREY S. SHINBROT, ESQ.
                                            Proposed Reorganization Counsel for
                                            Debtor-In-Possession

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

15260 Ventura Blvd., Suite 1200<br>Sherman Oaks, CA  91403

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]** and (2) the accompanying pleading(s) entitled: **COMPLAINT FOR:1. DECLARATORY RELIEF 2. AVOIDANCE OF PREFERENTIAL TRANSFERS 3. AVOIDANCE OF LIEN 4. AVOIDANCE OF FRAUDULENT TRANSFERS 5. USURY; and ORDER SETTNG PROCEDURES FOR ADVERSARY PROCEEDING STATUS CONFERENCES;**

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/17/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**X    SERVED BY UNITED STATES MAIL**:  On (*date*) 12/17/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
x. service list attached.

**3.SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 12/17/2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/17/2025 | Sandra Rodriguez | /s/Sandra Rodriguez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF SERVICE**

QFS Capital, LLC
Harvard Business Services, Inc.,
(Registered Agent for service of process, Delaware)
16192 Coastal Hwy
Lewes, DE  19958

QFS Capital, LLC
REGISTERED AGENT SOLUTIONS, INC.
(Registered Agent for service of process, California)
720 14TH STREET
SACRAMENTO, CA 95814

Benjamin Hinke, Manager and Registered Agent
QFS Capital, LLC
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL  33324

Benjamin Hinke, Member
QFS Capital, LLC
7901 4TH ST. N, STE. 13070
ST. PETERSBURG, FL  33702

Evan Samlin, Member
QFS Capital, LLC
110 E. BROWARD BLVD., STE. 1550
FORT LAUDERDALE FL  33301-3553